UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO, "EX REL. ALLEN NANCE," *in the matter of Allen Nance*,

                    Plaintiff,

                    -against-

CITY OF NEW YORK, *et al.*,

                    Defendants.

19-CV-5651 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Nonparty Christopher Cano brings this action on behalf of Plaintiff Allen Nance. As set forth below, the Court directs Nance, within 30 days of the date of this order, to complete and submit the attached signature page certifying that he has prepared the complaint and that the complaint complies with the requirement of Federal Rule of Civil Procedure 11.

**DISCUSSION**

      In federal court, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and "an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney, *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf, including a parent or a nonattorney trustee. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (1990) ("[N]on-attorney parent must be represented by counsel in bringing an action on behalf of his or

her child."); *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2009) (a nonattorney trustee may not represent a trust *pro se*). A party proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558 (citation omitted).

Christopher Cano, who identifies as a "Private Attorney General in Fact," asserts that he "brings this matter on behalf of Allen Nance." (Compl. at 6.) Cano signs an "affidavit of truth[,] statement of claim" and provides a signature line for Nance, who Cano describes as the "aggrieved person"; Nance does not sign the affidavit. (*Id.* at 7, 8.) But Nance does sign a second signature line, as well as the application to proceed *in forma pauperis* (IFP) and the prisoner authorization. Below his signature on the complaint, he provides both a Manhattan address and a New York City Department of Correction (DOC) identification number.[1]

Cano cannot bring this action on behalf of Nance, as Cano is not a licensed attorney admitted to practice law in the Southern District of New York. If Nance intends to bring this action on his own behalf, he should complete the attached signature page, submit it to the Court, and provide his current address.

If Nance is no longer in custody, he may resubmit his IFP application or move to withdraw the action without prejudice to his refiling it.[2]

---

[1] DOC records do not show that Nance is still in DOC custody.

[2] A plaintiff who is a prisoner at the time he files a complaint faces certain restrictions under the Prison Litigation Reform Act (PLRA). *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). For example, under the PLRA, a prisoner: (1) if proceeding IFP, must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, § 1915(b), and (2) can be barred from proceeding IFP if he has previously brought three or more federal civil actions (or appeals) as a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, § 1915(g). The PLRA's restrictions do not apply to a plaintiff who is not a prisoner at the time that he files his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Nance both at his Rikers Island and his Manhattan addresses,[3] noting service on the docket.

The Court grants Plaintiff Allen Nance 30 days from the date of this order to submit the attached signature page. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[3] 400 Convent Ave., Apt. 34, New York, NY 10031.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____       _____
Dated                                                    Plaintiff's Signature

_____
First Name                    Middle Initial        Last Name

_____
Prison Address

_____
County, City                          State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____