```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
```
ALLEN TRAVELL NANCE,                                ELECTRONICALLY FILED
                                                    DOC #: _____
                Plaintiff,    DATE FILED: _1/10/2020_____

         -against-                  19 Civ. 5651 (AT) (OTW)

CITY OF NEW YORK, *et al.*,                         **ORDER**

                Defendants.

ANALISA TORRES, District Judge:

      Plaintiff, who was an inmate in Fishkill Correctional Facility, brought this *pro se* action alleging that Defendants violated his rights at Bellevue Hospital and in other medical facilities. Order of Service, ECF No 8. On September 24, 2019, the Court issued an Order of Service, which ordered the Clerk of Court to notify Defendants of the case, dismissed some of Plaintiff's claims with leave to amend, and ordered Plaintiff to amend his complaint and provide additional information to Defendants. *Id.* at 2–3. That order, along with an information packet, was mailed to Plaintiff on September 26, 2019. ECF No. 10.

      On January 6, 2020, Defendants submitted a letter to the Court requesting that the Court either dismiss this action for Plaintiff's failure to prosecute, or issue an order for Plaintiff to show cause why the action should not be dismissed on that basis. Jan. 6 Letter at 2, ECF No. 17. Defendants stated that Plaintiff has neither amended his complaint as ordered by the Court nor provided contact information to Defendants or to the Court since his release from incarceration in September 2019. *Id.* at 1–2. Defendants, therefore, requested that the Court dismiss the case under Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendants also sought to stay their time to answer or otherwise respond to the complaint, currently due on January 17, 2020. Jan. 6 Letter at 2.

      The Second Circuit has cautioned district courts that dismissals for failure to prosecute "are the harshest of sanctions," and that "a pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (internal quotation marks and citations omitted).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste*, 786 F.3d at 216).

At this point, the Court is not convinced the Plaintiff has received a fair chance to be heard, or that he has been put on notice of the need to comply with the Order of Service, let alone that failure to do so would result in dismissal. Defendants represent that Plaintiff was released from state custody on September 18, 2019. Jan. 6 Letter at 2. The Court's Order of Service was not issued until a week later. It is, therefore, entirely possible that Plaintiff never received it. Moreover, although the delay of this action by three months is not insubstantial, standing alone it is not sufficient to justify dismissal on the basis of failure to prosecute. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (reversing dismissal as abuse of discretion where "only three months had transpired without action on [*pro se* plaintiff's] part").

On the other hand, the Court is mindful that this action cannot be allowed to sit idle indefinitely. Accordingly, it is ORDERED that:

(1) Defendants shall make reasonable efforts to determine a mailing address at which Plaintiff can be contacted;
(2) By **April 1, 2020**, Defendants shall file a letter with the Court detailing their efforts to determine Plaintiff's address. If those efforts are successful, Defendants shall report Plaintiff's address to the Court. If those efforts are unsuccessful, Defendants shall report as much.

Defendants' motion for a stay of their time to answer or otherwise respond to the complaint is GRANTED.

SO ORDERED.

Dated: January 10, 2020
    New York, New York

_____
ANALISA TORRES
United States District Judge