UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLEN TRAVELL NANCE,

           Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/3/2020_____

19 Civ. 5651 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Allen Travell Nance, an inmate in Fishkill Correctional Facility, brings this *pro se* action alleging that at Bellevue Hospital and at other medical facilities, Defendants violated his rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution. Compl., ECF No 2. On September 24, 2019, the Court issued an Order of Service, which directed the Clerk of Court to notify Defendants of the case, dismissed some of Plaintiff's claims with leave to amend, and ordered Plaintiff to amend his complaint and provide additional information to Defendants. Order of Service at 2–3, ECF No. 8. That order, along with an information packet, was mailed to Plaintiff on September 26, 2019. ECF No. 10.

    On January 6, 2020, Defendants submitted a letter to the Court requesting that the Court either dismiss this action for Plaintiff's failure to prosecute, or issue an order for Plaintiff to show cause why the action should not be dismissed on that basis. Jan. 6 Letter at 2, ECF No. 17. Defendants stated that Plaintiff had neither amended his complaint as ordered by the Court nor provided contact information to Defendants or to the Court since his release from incarceration in September 2019. *Id.* at 1–2. Defendants requested, therefore, that the Court dismiss the case under Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendants also sought to stay their time to answer or otherwise respond to the complaint, which had a January 17, 2020 deadline. Jan. 6 Letter at 2.

    Because Plaintiff was released from state custody before the Order of Service was mailed, and because his failure to participate in the action had lasted for only three months, the Court declined to dismiss the case under Rule 41(b) on January 10, 2020. ECF No. 18. Instead, the Court stayed Defendants' time to answer the complaint, and directed Defendants to make reasonable efforts to locate Plaintiff's mailing address and inform him of the action. *Id.* On April 20, 2020, Defendants reported that they had determined Plaintiff's address, and served the Court's January 10 order there. ECF No. 19. On June 25, 2020, Defendants renewed their request for the Court to dismiss this action as a result of Plaintiff's failure to prosecute. ECF No. 20.

    On September 23, 2020, the Court issued an Order to Show Cause, stating that it was inclined to dismiss the case, and that by October 23, 2020, Plaintiff should file a letter with the

Court showing cause why the action should not be dismissed, or it would dismiss the case. ECF No. 21. Plaintiff did not file a response within the specified time.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) . . . [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, Plaintiff has failed to amend his complaint or otherwise participate in its prosecution since August 12, 2019, over fifteen months. ECF No. 5. Second, the Court warned Plaintiff that failure to respond in a timely manner to the Order to Show Cause would result in the dismissal of the case. ECF No. 21. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, Plaintiff's unexcused delay has been substantial. Fourth, Plaintiff's non-compliance has impeded this Court's work by depriving the Court of an operative complaint, and occasioning a lengthy delay as the Defendants and the Court were forced to take steps to attempt to locate him. Finally, the Court has considered lesser sanctions than dismissal, and finds no reason to believe that other sanctions would yield a different result in light of Plaintiff's prolonged failure to take action in this case.

Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close the case and to mail a copy of this order to Plaintiff *pro se* at:

> Allen Travell Nance
> 1340 Bergen Street
> Brooklyn, NY 11213

SO ORDERED.

Dated: December 3, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge